1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

8

**DISTRICT OF NEVADA**

9

10  RICK L. BURTON, an individual and
    GULFSTREAM LAND INVESTMENTS,
11  LLC, a Nevada limited liability company

2:07-CV-00080-BES-LRL

**ORDER**

12              Plaintiffs,

13  v.

14  FOCH INVESTMENTS, INC, a California
    corporation; DAVID L. THERMION, an
15  individual; RICHARD K.M. DOHERTY, an
    individual; HALPERN REAL ESTATE
16  DEVELOPMENT, LLC, a New York limited
    liability company; JASON HALPERN, an
17  individual; DOES I through X, ROE
    CORPORATIONS XI through XX,
18  inclusive,

19              Defendants.

20

Presently before the Court is Defendants' Motion to Dismiss (#8), filed on April 19,

21
2007.  Plaintiffs filed their Opposition to Motion to Dismiss (#9) on May 7, 2007.  Defendants
22
filed their Reply in Support of Motion to Dismiss (#10) on May 21, 2007.
23

**I. BACKGROUND**

24
This case arises out of an alleged non-circumvention agreement between Plaintiffs
25
and Defendants.  (Compl. (#1) ¶ 1.)  According to Plaintiffs, the agreement was meant to
26
govern the parties' attempts to construct a mixed use development, including a "W" Hotel
27
and casino in Las Vegas, Nevada.  Id.  Plaintiffs claim that Defendants breached the
28

1

1  agreement, attempting to develop the property without Plaintiffs. Id.

2      The pending action was filed on January 19, 2007. Id. Prior to that, however,

3  Plaintiffs filed a similar lawsuit in Nevada state court. (Mot. to Dismiss (#8) Ex. 1.) The

4  parties ultimately stipulated to a voluntary dismissal of that action. Id. at Ex. 2. Plaintiffs

5  contend that they did so because a California forum represented a more convenient

6  location for Defendants. (Opp'n (#9) 3.) Thus, after dismissing the Nevada state court

7  action, Plaintiffs re-filed their complaint in California state court. Id. at Ex. 3. Following the

8  initiation of the California state court action, Defendants informed Plaintiffs that they

9  intended to enforce the forum selection clause in the non-circumvention agreement, which

10  required Plaintiffs to pursue their suit in Nevada. (Opp'n (#9) Ex. A.) Plaintiffs agreed to

11  dismiss the California action on condition that both parties waive all fees and costs incurred

12  up to that point in the state court suit. (Opp'n (#9) Ex. A, B.) Plaintiffs then filed their

13  complaint in this Court. (Compl. (#1).) Defendants now move to dismiss, citing Nevada

14  Rule of Civil Procedure ("NRCP") 41(a)(1) for the proposition that the dismissal of the

15  California action was a dismissal on the merits and, therefore, the instant suit is barred by

16  the doctrine of res judicata. See (Mot. to Dismiss (#8) 2-3.)

17                              **II. LEGAL STANDARD**

18      In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P.

19  12(b)(6), the court must accept as true all material allegations in the complaint as well as

20  all reasonable inferences that may be drawn from such allegations. LSO, Ltd. v. Stroh,

21  205 F.3d 1146, 1150 (9th Cir. 2000). The allegations of the complaint also must be

22  construed in the light most favorable to the nonmoving party. Shwarz v. United States, 234

23  F.3d 428, 435 (9th Cir. 2000). The purpose of a motion to dismiss under Rule 12(b)(6) is

24  to test the legal sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir.

25  2001). The court can grant the motion only if it is certain that the plaintiff will not be entitled

26  to relief under any set of facts that could be proven under the allegations of the complaint.

27  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 338 (9th Cir. 1996).

28      The court need not, however, accept as true those allegations that (1) contradict

1   matters properly subject to judicial notice; (2) are conclusory allegations of law, mere legal

2   conclusions, unwarranted deductions of fact, or unreasonable inferences; (3) are

3   contradicted by documents referred to in the complaint; or (4) are internally inconsistent.

4   Shwarz v. United States, 234 F.3d at 435; Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir.

5   1998); Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994); Branch v.

6   Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), rev'd on other grounds by Galbraith v. County of

7   Santa Clara. 307 F.3d 1119 (9th Cir. 2002); Western Mining Council v. Watt, 643 F.2d 618,

8   624 (9th Cir. 1981); Response Oncology, Inc. v. MetraHealth Ins. Co., 978 F. Supp. 1052,

9   1058 (S.D. Fla. 1997).  Nor need the court accept as true allegations in an amended

10   complaint that, without any explanation, contradict an earlier complaint.  Bradley v. Chiron

11   Corp., 136 F.3d 1317, 1324 (Fed. Cir. 1998); see also Ellingson v. Burlington N., Inc., 653

12   F.2d 1327, 1329-30 (9th Cir. 1981) (court may strike the challenged allegations as "false or

13   sham" and dismiss the complaint for failure to state a claim).

14   III. ANALYSIS

15   **A. Motion to Dismiss**

16        NRCP 41(a)(1) states in relevant part:

17        [A]n action may be dismissed by the plaintiff upon repayment of defendants'
filing fees, without order of court (i) by filing a notice of dismissal at any time

18        before service by the adverse party of an answer or of a motion for summary
judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal

19        signed by all parties who have appeared in the action.  Unless otherwise
stated in the notice of dismissal or stipulation, the dismissal is without

20        prejudice, except that a notice of dismissal operates as an adjudication upon
the merits when filed by a plaintiff who has once dismissed in any court of the

21        United States or of any state an action based on or including the same claim.

22   Nevada's Rule 41(a)(1) mirrors Fed. R. Civ. P. 41(a)(1), which in relevant part reflects the

23   so-called "two dismissal" rule, see Lake at Las Vegas Investors Group, Inc. v. Pacific

24   Malibu Dev. Corp., 933 F.2d 724, 726-28 (9th Cir. 1991).  Under the Federal Rules, the two

25   dismissal rule states that any voluntary dismissal made pursuant to Rule 41(a)(1) acts as a

26   dismissal without prejudice unless the plaintiff has previously dismissed a similar suit in

27   another federal or state court.  Fed. R. Civ. P. 41(a)(1); see also Lake at Las Vegas, 933

28   F.2d at 726-28.  The Nevada rule merely states the same proposition with respect to the

3

1   effect of a voluntary dismissal in a Nevada state court.  Cf. Executive Mgmt. Ltd. v. Ticor
2   Title Ins. Co., 118 Nev. 46, 53, 38 P.3d 872, 876 (2002) (noting that "Federal cases
3   interpreting the Federal Rules of Civil Procedure 'are strong persuasive authority, because
4   the Nevada Rules of Civil Procedure are based in large part upon their federal
5   counterparts.'").  Thus, under Nevada's Rule 41(a)(1), a voluntary dismissal occurs without
6   prejudice unless the same claim or action has been previously dismissed by a state or
7   federal court.  NRCP 41(a)(1).

8        Defendants cite Nevada's Rule 41(a)(1) in support of their argument that Plaintiffs'
9   dismissal of the California action was a dismissal on the merits because Plaintiffs had
10  previously dismissed their Nevada state court action.  That citation, though, is misplaced.
11  Nevada's civil procedure rules work no effect on dismissals that occur in California's state
12  courts.  Instead, they govern only the procedures in Nevada's district courts.  NRCP 1
13  advisory committee's note (stating that "[t]he rules govern procedure in Nevada district
14  courts . . . .").  As a consequence, they can only describe the effect of a dismissal from a
15  Nevada state court, not a California court.  Moreover, to the extent that Plaintiffs suggest
16  that Fed. R. Civ. P. 41(a)(1) also acts as a bar, that contention is also erroneous.  Like
17  Nevada's rule, Fed. R. Civ. P. 41(a)(1) describes only the effect of a voluntary dismissal in
18  a federal court itself, not the effect of dismissals in state courts.  See Fed. R. Civ. P.
19  41(a)(1); Manning v. South Carolina Dept. of Highway & Public Transp., 914 F.2d 44, 47
20  n.5 (4th Cir. 1990) (stating that "[w]hen the second dismissal occurs in state court . . . the
21  two dismissal rule applies only if the state has enacted its own version of the two dismissal
22  rule.").

23       The only circumstance in which the two dismissal rule would force the conclusion
24  that the California dismissal constituted a dismissal on the merits would be if California has
25  incorporated the two dismissal rule into its own code of civil procedure.  See Manning, 914
26  F.2d at 47 n.5.  However, Defendants do not claim here that that is the case, see (Motion
27  to Dismiss (#8)); (Reply (#10)), nor has the Court's own survey of California's civil
28  procedure provisions resulted in the discovery of such a rule.  Defendants' claim, then, that

4

1  Plaintiffs' dismissal of the California action was effected with prejudice and, thus, that the
2  instant action is barred by res judicata is unfounded.  Defendants' motion is, therefore,
3  denied.

4  **B. Request for Sanctions**

5       Included in Plaintiffs' opposition is a request that this Court levy sanctions against
6  Defendants for submitting a motion for no other purpose than to delay the disposition of
7  this case.  (Opp'n (#9) 8-10.)  Under Fed. R. Civ. P. 11(c), the Court has discretion to
8  impose sanctions on a party that has made representations to the court in order to cause
9  unnecessary delay.  That said, the Court is not persuaded that the sole purpose of the
10 submission of the motion in question was to delay this action.  Therefore, Plaintiffs' request
11 is denied.

12                              **IV. CONCLUSION**

13       Accordingly, IT IS ORDERED that Defendants' Motion to Dismiss (#8) is DENIED.
14 IT IS FURTHER ORDERED that Plaintiffs' Request for Sanctions (#9) is DENIED.
15 DATED: This 3rd day of October, 2007.

21                    UNITED STATES DISTRICT JUDGE

5